assets sold, and it was prevented from continuing business. That in consequence of this failure to furnish capital plaintiff lost his promised salary until February, 1910, was injured in his reputation as a business man, and his 300 shares of stock in the turbine company were rendered valueless, and for these damages he seeks to recover.

It is very doubtful in the first place whether there can be spelled out of the contract a definite agreement on the part of the defendants to furnish the capital. The language of the eighth clause is peculiar. It is that "this memorandum of agreement contemplates" that the defendants shall furnish the necessary capital. The word "contemplates" indicates rather an expectation or intention, than a promise or undertaking. If the defendants had intended to definitely agree to furnish the working capital nothing would have been easier or simpler than to have said so, and that they did not say so, but selected a phrase indicative merely of an intention is certainly very significant. But even if the contract could be construed as a binding agreement on defendant's part to furnish the capital, the contract itself provides what consequences shall flow from a refusal to do so. It shall "constitute failure on the part of the Turbine Engineering Company in its proper representation of the Warren Electric Manufacturing Company" (clause 8), and if the Turbine Engineering Company shall fail "to faithfully carry out the requirements of the agency contract" with the Warren Company, "then the said agency contract shall revert back to said Read" (clause 5). Under well-established principles, when parties by their contract specifically provide for the consequences of a breach, the remedy thus provided is exclusive. McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208. The plaintiff's remedy, then, was to seek a reassignment of his agency contract, and his action for damages cannot prevail.

The judgment should be reversed, and the demurrer sustained, with costs to appellant in this court and the court below. All concur.

CHICAGO TITLE & TRUST CO. et al. v. GERMAN INS. CO. OF FREEPORT.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

RECEIVERS—ASSIGNMENT—ANCILLARY RECEIVERSHIP.

Where, on the appointment of a foreign receiver for an insolvent foreign insurance company, the latter executed an assignment to such receiver, which covered all the insurance company's assets in New York, the subsequent appointment of ancillary receivers by the New York courts was ineffective to transfer any of the insurance company's assets to them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, § 412.]

Appeal from Special Term, New York County.

Action by the Chicago Title & Trust Company, as receiver of the German Insurance Company of Freeport, and others, against such company and Leo Schlesinger, ancillary receiver. From an order denying the ancillary receiver's motion for an order instructing the trust company, his co-ancillary receiver, to join with him in collecting the assets

of the defendant insurance company within the state, he appeals.   Affirmed.

Argued before PATTERSON, P. J.; and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Lyttleton Fox, for appellant.
William M. Bennett, for respondents.

SCOTT, J.   The defendant a foreign corporation, organized under the laws of the state of Illinois, became insolvent in November, 1906, and on the 19th of that month the Chicago Title & Trust Company of Chicago was appointed receiver of all of defendant's assets, and on the same day the defendant executed an assignment of all its assets to the said trust company.   It is expressly conceded by the parties to this appeal, and for the purposes of the appeal will be assumed, that this assignment was sufficient in form and substance to vest in said trust company the title to all of the assets of the defendant, not only in Illinois, but in every state in the United States.   On November 28, 1906, this action was commenced for the purpose of procuring the appointment of ancillary receivers in this state.

The complaint sets forth the insolvency of defendant, the action in Illinois, the appointment of the receiver there, and the execution of the assignment to such receiver.   It alleges that the Chicago Title & Trust Company has thereby become entitled to the aforesaid assets in the state of New York, but that, for convenience in collecting them, the appointment of ancillary receivers in this state has become necessary. Thereupon the court appointed the Chicago Title & Trust Company and Leo Schlesinger ancillary receivers of the assets of defendant in this state, and such receivers duly qualified.   It was discovered that the Trust Company of America had in its possession cash assets of the defendant amounting to $15,000, and the receiver Schlesinger made a demand on the said trust company for such assets.   The Trust Company of America was perfectly willing to pay over the money, but demanded for its own protection an order signed by both of the ancillary receivers.   Mr. Schlesinger prepared such an order, and after signing it himself, as receiver, turned it over to his co-receiver for signature.   The Chicago Title & Trust Company declined to sign the order, on the ground that since it claimed to have acquired title to all of defendant's assets, under the assignment of November 19th, the defendant had no longer owned such assets when the ancillary receivers were appointed on November 28th, and consequently nothing passed to such ancillary receivers.   It appears that between November 19th and November 28th three attachments had been issued in actions brought in this state against the property of the defendant here, and the Chicago Title & Trust Company seems to have apprehended that, if it should receive and collect the assets here under its authority as ancillary receiver, that act might be construed as an admission that on November 28th, when the ancillary receivers were appointed, the title to the assets remained in the insolvent defendant.   It therefore prefers to rest its claim to the assets upon the title conveyed by the assignment of November 19th.   The receiver, Schlesinger, while conceding that

the assignment of November 19th transferred the title to the assets to the Chicago Title & Trust Company, still considered that he had a duty to perform with respect to them, and very properly brought the matter before the court by means of a motion that his co-receiver be directed to execute an order, as ancillary receiver, upon the Trust Company of America to pay over the money held by it to the credit of the defendant. From an order denying this motion he now appeals.

If we assume, as both parties to this appeal assume, that the assignment of November 19th transferred to the Chicago Title & Trust Company the title to all of defendant's assets in this state, as well as elsewhere, it is apparent that the motion was properly denied, for the ancillary receivership could only attach and apply to assets to which the defendant held title on November 28th, when the ancillary receivers were appointed. If the defendant had already conveyed away all of the assets, so that it owned nothing in this state, there was nothing to which the receivership could attach or which the receivers were entitled to collect.

It follows that the order must be affirmed, but under the circumstances the affirmance will be without costs. All concur.